(131 So. 913)

## Lester BARBER v. STATE.
### 6 Div. 807.

Court of Appeals of Alabama.
Dec. 16, 1930.

SAMFORD, J.
Affirmed.

(131 So. 913)

## Fred BARGER v. STATE.
### 6 Div. 943.

Court of Appeals of Alabama.
Dec. 16, 1930.

SAMFORD, J.
Affirmed.

(131 So. 913)

## Herbert BARGER v. STATE.
### 6 Div. 941.

Court of Appeals of Alabama.
Dec. 16, 1930.

RICE, J.
Affirmed.

(131 So. 913)

## Roy BARGER v. STATE.
### 6 Div. 942.

Court of Appeals of Alabama.
Dec. 16, 1930.

BRICKEN, P. J.

This appellant, in the court below, was convicted for the offense of attempting to distill, make, or manufacture alcoholic, spirituous, vinous, or malt liquors, etc., which attempt under the statute is a misdemeanor. From the judgment of conviction he appealed, and predicates his appeal here upon the record proper; there being no bill of exceptions. We have examined the record and find no error apparent thereon. The judgment of conviction appealed from is affirmed.

(136 So. 925)

## J. H. BAUMHAUER v. STATE.
### I Div. 24.
Court of Appeals of Alabama.
Aug. 4, 1931.

PER CURIAM.
Appeal dismissed by appellant.

(130 So. 918)

## Roland BEARDEN v. STATE.
### 6 Div. 810.

Court of Appeals of Alabama.
June 24, 1930.

Rehearing Denied Oct. 7, 1930.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

In the court below this appellant was convicted for the offense of transporting 25 gallons of whisky; that is to say, he was convicted for the offense created and denounced by an Act of the Legislature approved September 6, 1927, Acts 1927, p. 704, which act, makes it a felony for any person, etc., within this state, to transport in quantities of 5 gallons or more any of the liquors or beverages, the sale, possession, or transportation of which was at the time of the approval of said act, prohibited by law in Alabama.

This act has been upheld by this court, and the Supreme Court in the case of Hayes v. State, 23 Ala. App. 524, 128 So. 774, certiorari denied, Alabama Supreme Court, 221 Ala. 389, 128 So. 776.

On the trial but two witnesses were examined, one for the state, and defendant himself was the only witness in his behalf.

The evidence of the state tended to make out a case and to sustain the charges preferred by indictment in every detail.

The defendant denied all knowledge of the 25 gallons of whisky being in his car, and